IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

CYNTHIA C. NEAL,                             *
     *Plaintiff*,
                                            *

v.                                                          Case No. 1:13-cv-00433-JFM
                                            *

ONEWEST BANK,                              *
     *Defendant*.                          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant OneWest Bank, FSB ("OneWest"), by and through its undersigned counsel, submits this memorandum of law in support of its Motion to Dismiss.

### I.    Overview

Plaintiff Cynthia Neal's claims are difficult to discern from the Complaint. However, the gravamen of the Complaint appears to be that Plaintiff borrowed $381,000 on a note now owned by OneWest and she wants this Court to order that OneWest's lien be released on the basis of her speculation that OneWest is not the holder of the note. OneWest is, in fact, the owner and holder of the note, and is empowered under Maryland law to enforce the note. Plaintiff also alludes in the Complaint to an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), but no facts are averred that constitute a violation of the statute or which establish that OneWest is subject to the FDCPA. Therefore, Plaintiff has failed to state any facts in support of any claim against OneWest, and this Court should dismiss the Complaint, with prejudice.

## II.     Facts

On September 15, 2006, Plaintiff purchased the property at 4176 Muddy Creek Road in Harwood, Maryland (the "Property") for $210,000. A copy of the deed was recorded in the land records of Anne Arundel County on October 2, 2006, at Book 18322, Page 683 (the "Deed"). A copy of the Deed is attached hereto as Exhibit A. Plaintiff financed the purchase of the Property with a loan in the amount of $120,000, which was secured by a deed of trust. The deed of trust was recorded in the land records of Anne Arundel County on October 2, 2006, at Book 18322, Page 688. On September 20, 2007, Plaintiff refinanced the purchase money loan with a loan from IndyMac Bank, F.S.B. ("IndyMac"), in the principal amount of $381,000 (the "Loan").

The Loan was evidenced by a note in the original principal amount of $381,000 (the "Note") and was secured by a deed of trust, which was recorded in the land records of Anne Arundel County on October 9, 2007, at Book 19563, Page 645, and re-recorded on December 4, 2007, at Book 19717, Page 165 (the "DOT").[1] A copy of the DOT is attached hereto as Exhibit B. Plaintiff refers to the Note in the Complaint and demands that OneWest prove its right to enforce the Note and the DOT. A copy of the Note is attached hereto as Exhibit C. On January 21, 2010, the Federal Deposit Insurance Corporation ("FDIC"), as receiver of IndyMac Federal Bank, FSB, assigned the Loan to OneWest and evidenced that assignment by the recording of an Assignment of Mortgage in the land records of Anne Arundel County on February 25, 2010, at Book 22047, Page 476 (the "Assignment"). A copy of the Assignment is attached hereto as Exhibit D.

---

[1] The loan was re-recorded to include a "Residential Construction Loan Rider with Security Agreement and Financing Statement." No conveyances were recorded against the Property between October 9, 2007 and December 4, 2007, and the DOT is the senior lien on the Property. A copy of the legal description of the DOT is attached to the Complaint as Pages 5-6.

On September 10, 2012, Plaintiff filed Chapter 7 bankruptcy Case Number 12-26542-RAG in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Case"). A copy of the relevant schedules from the bankruptcy case is attached hereto as Exhibit E. Plaintiff appears to have made a number of material misrepresentations in the bankruptcy case:

- Plaintiff assigned no value to the Property. Exhibit E at 1. The State Department of Assessments and Taxation valued the Property at $439,500, as of January 1, 2012. A copy of the SDAT data sheet is attached hereto as Exhibit F.

- Plaintiff did not disclose the Loan as a Secured Claim. Exhibit E at 2.

- Plaintiff disclosed the Loan as an Unsecured Nonpriority Claim and indicated that the Loan was "disputed." She did, however, describe the Loan as a "real estate loan." Id. at 3.

Based upon her material misrepresentations as to the value of the Property, which led the Chapter 7 trustee to mistakenly report to the Court that no assets were available for distribution to Plaintiff's creditors, the Bankruptcy Court issued a discharge of Plaintiff's personal liability on the Loan on December 12, 2012.[2] See ECF No. 20 in the Bankruptcy Case.

Shortly after receiving her Chapter 7 discharge on December 12, 2012, Plaintiff filed this lawsuit in the Circuit Court for Anne Arundel County on December 19, 2012. To the extent that Plaintiff is successful in her effort to extinguish OneWest's lien, OneWest would be unable to recover the $381,000 that Plaintiff borrowed unless it is successful in setting aside the bankruptcy discharge on the basis of fraud. OneWest removed the case to this Court on February 8, 2013.

---

[2] OneWest is considering its options for reopening the Bankruptcy Case to have the discharge of Plaintiff's personal liability on the Note set aside.

### III.   Legal Standards

**A.     Motion to Dismiss.**

Under the Federal Rules of Civil Procedure, a complaint must meet a simplified pleading standard and contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  A complaint may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  When considering a Rule 12(b)(6) motion to dismiss, a court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived from such allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

While Rule 8(a)(2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The allegations presented in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 545.  Therefore, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  When considering a motion to dismiss, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts."  *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

The United States Supreme Court reinforced and strengthened its holding in *Twombly* by affirming that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009).   In *Iqbal*, a Pakistani detainee brought an action against government officials, alleging that they had engaged in unconstitutional actions against him in connection with his confinement.   The *Iqbal* Court considered *Twombly*, and stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."   [*Twombly*, 550] at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*., at 557, 127 S.Ct. 1955 (brackets omitted).

*Iqbal* at 1949.   Ultimately, the Court found that "the respondent's complaint [had] not 'nudged [his] claims' of invidious discrimination 'across the line from conceivable to plausible.'"  *Id*. at 1950-51.   As the *Iqbal* Court reaffirmed, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense."  *Id*. at 1940 (citing Twombly, 550 at 556).

Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake."   The Fourth Circuit has ruled that "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" must be pleaded to satisfy Rule 9(b).  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).   To the extent that any count asserts fraud or mistake, the heightened pleading requirement of Rule 9(b) applies.

**B.     Judicial Notice.**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this Court may take judicial notice of matters of public record, such as land records and court dockets.  *Philips v. Pitt Cnty. Mem.*

*Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Secretary of State for Defence v. Trimble Navigation, Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Moreover, in reviewing a motion to dismiss, this Court may consider documents attached to the motion to dismiss, if those documents were referred to and relied upon in the complaint and are not subject to reasonable dispute. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994). If the "bare allegations of the complaint" conflict with exhibits or other properly considered documents, then "the exhibits or documents prevail." *Fare Deals Ltd. V. World Choice Travel.com, Inc.*, 180 F.Supp.2d 678, 683 (D.Md. 2001).

## IV.    Argument

**A.     OneWest is the holder of the Note and has the right to enforce the DOT.**

The heart of the Complaint is Plaintiff's speculation that "Defendant has sold the Note under 'Deed of Trust backed securities instrument' to investors under a pooling of interest." Complaint at 2. The Complaint states no facts in support of this assertion. To the contrary, the documents recorded in the land records and the documents filed in the Bankruptcy Case belie such a contention.

The FDIC recorded the Assignment in the land records. The Assignment indicates that the Loan belongs to OneWest, because the FDIC stated in the Assignment that it was "the holder of said deed of trust/note" and on January 21, 2010, assigned its interest in the Deed of Trust and the Note to OneWest. Exhibit D.

In the Bankruptcy Case, OneWest filed a Motion for Relief from Automatic Stay (the "Lift-Stay Motion"). ECF No. 16 in the Bankruptcy Case. In the Lift-Stay Motion, counsel for OneWest asserted that OneWest "is the holder of a Note secured by a Deed of Trust dated September 20, 2007."[3] The note

---

[3] The Lift-Stay Motion erroneously refers to the Deed of Trust being recorded in Baltimore County, but the deed of trust attached to the Lift-Stay Motion is the DOT, which was recorded in Anne Arundel County. Bankruptcy Case ECF No. 16-2.

attached to the Lift-Stay Motion is the Note. *Compare* the Note with Bankruptcy Case ECF No. 16-2. The Note is payable to IndyMac Bank, F.S.B. Exhibit C at 1.  The Note is endorsed in blank by the payee, IndyMac Bank, F.S.B. *Id.* at 5. There is also an allonge in which the FDIC, as Receiver of IndyMac Federal Bank, FSB specially endorsed the Note to OneWest.[4] *Id.* at 10. OneWest then endorsed the Note in blank. *Id.* at 11.[5]

As a matter of Maryland law, OneWest is the "holder" of the note and has the right to enforce the note. *See* Md. Code, Commercial Law Article ("UCC"), § 1-201(b)(21)(i) ("'Holder' means . . . the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.") and § 3-301 ("'person entitled to enforce' an instrument means . . . the holder of the instrument.").

In ¶ 10 of the Complaint, Plaintiff "is denying all signatures" (presumably she refers to the signatures on the Note and Deed of Trust). ECF No. 2.  This conclusory denial is insufficient to state a claim for three reasons. First, no facts are stated as to why she denies the authenticity of the signatures.

---

[4] IndyMac Federal Bank, FSB was established by the FDIC to hold the assets of IndyMac Bank, F.S.B. *See Rathbun v. IndyMac Mortg. Services*, --- F.Supp.2d ----, 2013 WL 75782 at *1 (D.Mont., Jan. 4, 2013) ("On July 11, 2008, the Office of Thrift Supervision closed IndyMac [Bank, F.S.B.] and appointed the FDIC as Receiver. On the same day, the Office of Thrift Supervision authorized the creation of a new institution, IndyMac Federal Bank, FSB, into which IndyMac's assets were transferred. The Office of Thrift Supervision appointed the FDIC as Conservator for IndyMac Federal. On March 19, 2009, the Office of Thrift Supervision changed the FDIC's capacity and appointed the FDIC as Receiver for IndyMac Federal. On the same day, the FDIC, in its corporate capacity and as Receiver for IndyMac Federal, transferred substantially all of the assets and only certain designated liabilities of IndyMac Federal to OneWest.") (Internal citations omitted).

[5] Each of the special endorsement by the FDIC and the endorsement in blank were executed by Sandra Schneider of OneWest (she executed the special endorsement by the FDIC as its attorney-in-fact). The execution of the special endorsement first and the endorsement in blank second is further supported by the Assignment, because it indicates that the note was transferred from IndyMac Federal Bank, FSB to OneWest. Exhibit D. The order of the endorsements is, however, a distinction without a difference. Regardless of the order of execution, OneWest is the current holder of the Note.

Therefore, the averment is exactly the sort of "formulaic recitation of the elements of a cause of action" that is insufficient to state a claim under the principles of *Bell Atl. Corp. v. Twombly.* 550 U.S. at 555. Second, Plaintiff did not deny the authenticity of any signature on the Note in her opposition to a motion to lift the stay in her Bankruptcy Case.   Bankruptcy Case ECF No. 18 at 2.  If Plaintiff had anything approaching a good faith belief that a signature was invalid, she would have raised it in her opposition to the lift-stay motion. In light of this recent inconsistent filing, it is difficult to escape the conclusion that Plaintiff has no good faith basis to deny the authenticity of any signature on either the Note or the Deed of Trust. And third, Plaintiff is simply defending itself in a lawsuit, rather than seeking to enforce the Note or the Deed of Trust; therefore, Plaintiff cannot raise the issue of OneWest's standing in this lawsuit. *See Blum v. Fremont Investment & Loan,* 2012 WL 2137962 at *3 (D.Md., June 12, 2012) (dismissing, without leave to amend, a lawsuit challenging the standing of the lender to enforce the loan instruments on the basis that plaintiff did not have the right to assert such a claim). Therefore, Plaintiff's conclusory "denial" of the signatures is insufficient to state a claim upon which relief can be granted, and the Complaint should be dismissed, with prejudice.

Finally, if a borrower makes payment to a holder of a note, the borrower is discharged from liability on the note and therefore cannot be harmed by making such a payment. UCC § 3-602. Plaintiff will receive full credit for all payments on the Note, whether made by her or as a result of the enforcement of the Note.

Plaintiff has not stated a single fact in support of her apparent contention that OneWest is not the holder of the note and does not have the right to enforce the deed of trust. The bottom line is that Plaintiff borrowed $381,000 and has not repaid it. Any claim that contends that OneWest is not the holder of the Note should be dismissed, with prejudice.

8

**B.      OneWest is not subject to the FDCPA.**

Plaintiff alleges in passing that OneWest violated the FDCPA, codified at 15 U.S.C. § 1692, *et*

*seq.*  Plaintiff does not state any facts in support of this contention, so the claim must fail on that basis

alone because it fails to comply with the pleading requirements established by the Supreme Court in

*Iqbal*.

Furthermore, Plaintiff does not plead facts that establish that OneWest is a "debt collector"

under the FDCPA.  As this Court recently held:

> For an FDCPA claim against a "debt collector" to survive a Rule 12(b)(6) motion to
> dismiss, the plaintiff must allege facts that make it plausible to believe that the defendant
> is in fact a debt collector as defined by the FDCPA. See 15 U.S.C. § 1692a(6); *Sparrow
> v. SLM Corp.*, No. RWT 08-00012, 2009 WL 77462, at *2 (D.Md. Jan.7, 2009). In the
> present case, to properly allege that Citi is a debt collector under the FDCPA, Givens
> would have to assert that Citi was attempting to collect "debts owed or due or asserted to
> be owed or due *another.*" 15 U.S.C. § 1692a(6) (emphasis added). Moreover, *the
> FDCPA expressly exempts creditors and mortgagees from its definition of a debt
> collector*. *See* 15 U.S.C. § 1692[a](6); Sparrow, 2009 WL 77462, at *2. Here, by all
> appearances, Citi was at all relevant times acting as a creditor and mortgagee to collect a
> debt owed to itself, not to a third party; in other words, it does not fall under the FDCPA's
> definition of a debt collector.

*Givens v. CitiMortgage, Inc.*, No. PJM 10-01249, 2011 WL 806463 at *2 (D.Md. February 28, 2011)

(emphasis added). As was the case in *Givens*, Plaintiff herein has not asserted that OneWest was

attempting to collect a debt of another.  Therefore, like the defendant in *Givens*, OneWest was "acting as

a creditor and mortgagee," *id,* and therefore does not fall within the definition of "debt collector."

Because OneWest is not a "debt collector," the FDCPA does not apply to it. Assuming that Plaintiff

asserts a claim in the Complaint against OneWest under the FDCPA, any such count should be

dismissed, with prejudice, because OneWest is not a "debt collector," as defined in the FDCPA and

because Plaintiff has in any event failed to set forth any facts in support of such a claim.

## V.      <u>Conclusion</u>

The Complaint fails to state a claim against OneWest upon which relief can be granted.

WHEREFORE, for the reasons set forth above, OneWest asks this Court to dismiss the complaint, with prejudice.

Respectfully submitted,

SIMCOX AND BARCLAY, LLP

By:      _____/s/_____
John S. Simcox
Federal Bar No. 02553
jss@simcoxandbarclay.com

By:      _____/s/_____
Chad King
Federal Bar No. 16888
cking@simcoxandbarclay.com
Simcox and Barclay, LLP
888 Bestgate Road, Suite 313
Annapolis, Maryland 21401
Tel.:    (410) 266-0610
Fax:    (410) 266-0813
*Attorneys for Defendant*
*OneWest Bank, FSB*